The Montclair Club, a New Jersey corporation, borrowed from the late Joseph Van Vleck $18,000 for which promissory notes in the amount of $1,000 each were issued. They provide as follows:
"If and when the preferred stock of the said corporation shall in whole or in part be redeemed or paid off by the corporation, all notes of this series shall be entitled to payment and shall be paid up to the par value thereof, pro rata, therewith, and upon dissolution of the corporation and distribution of its assets, all notes of this series *Page 130 
shall be entitled to payment and shall be paid up to the par value thereof next prior to and before any distribution of property shall be made to the holders of the preferred stock."
A resolution was passed by the club on September 23d 1925, which provided — First, for a payment of a dividend of thirty per cent. upon the preferred stock; second, a payment of interest up to thirty per cent. of the par value of the notes, and, third, "that at the same time and in connection with such payment [interest on the face value of the notes] the principal of said notes be repaid upon the surrender of the notes."
On September 28th, 1925, Mr. Lloyd, the club's attorney, and Mr. Hines, acting for the holders of half the notes, met. Mr. Hines was informed of the offer, read the resolution and received the face value of the notes. They were canceled in his presence and with his consent. At the same time the sum of $2,700 — thirty per cent. interest on the notes was paid to him.
On October 3d 1925, Mr. Littlefield, representing owners of the remaining notes, met Mr. Boyd, was paid their face value with thirty per cent. interest, surrendered them and they were canceled in his presence and with his consent. The Montclair Club was dissolved April 8, 1926, about six months after the last notes were surrendered.
The defendants claim they are entitled to share in the distribution of the assets of the club so as to put them on a basis of equality with the preferred stockholders. They insist that complainants, as directors of the dissolved club are trustees for the benefit of its creditors, namely the noteholders. They base this on the General Corporation act (Comp. Stat. p. 1635): "Upon the dissolution in any manner of the corporation the directors shall be trustees thereof, c.," for the benefit of all creditors, stockholders, c. This, of course, means creditors and stockholders in existence at the time of the dissolution.
When the notes were surrendered the club had not been dissolved and was not dissolved until six months thereafter. Therefore these sections of the Corporation act do not apply. *Page 131 
At the time of this transaction the relationship between the corporation and the noteholders was merely that of debtor and creditor. The club offered to pay the face value of the notes and thirty per cent. interest immediately to cancel the debt. The consideration was the immediate receipt of a very substantial sum of money, instead of an undetermined amount in an uncertain future. I do not think they were led to believe that when they were paid the preferred stockholders were receiving the par value of their stock. They, themselves, were holders of the preferred stock and they must have known such was not the case. The resolution of September 23d 1925, contained no such provision and no steps toward dissolution had been taken. Neither do I believe they were led to believe that the payment of thirty per cent. interest on their notes would put them on a basis of equality with the dividend which might eventually be paid to the holders of the preferred stock. The president of the club and its attorney both deny that any such representations were made.
They were represented by able counsel and their position as stockholders gave them every opportunity to learn the exact situation. They parted willingly with their notes and there was no fraud or mistake to induce them to permit the notes to be canceled.
"Where the holder of a bill or a note delivers up or cancels the obligation with the intent and for the purpose of discharging the same, and there is no fraud or mistake, such surrender operates as a release and a discharge of liability thereon."
8 Corp. Jur. 613, citing numerous cases, among themVanderbeck v. Vanderbeck, 30 N.J. Eq. 265.
I do not think that these former noteholders are entitled to any further share in the fund now in the hands of the trustees as a result of the club's dissolution. I will advise a decree in accordance with these conclusions. *Page 132